[617 NYS2d 909]

## In the Matter of HAROLD T. KING, an Attorney, Resignor.

Second Department, October 31, 1994

### APPEARANCES OF COUNSEL

*Frank A. Finnerty, Jr.,* Syosset *(Chris McDonough* of counsel), for Grievance Committee for the Tenth Judicial District.

*Harold T. King,* Bridgehampton, resignor *pro se.*

### OPINION OF THE COURT

Per Curiam.

Harold T. King has submitted an affidavit dated August 10, 1994, wherein he tenders his resignation as an attorney and counselor-at-law (22 NYCRR 691.9). Mr. King was admitted to the practice of law by the Appellate Division of the Supreme Court, Second Judicial Department, on March 20, 1946.

Mr. King acknowledges that he is the subject of an investi-

gation by the Grievance Committee for the Tenth Judicial District concerning allegations that he, *inter alia,* misappropriated and converted funds entrusted to him in his capacity as a judicial referee. Mr. King further acknowledges that if charges were predicated upon the misconduct in question, he would be unable to defend himself on the merits against those charges.

Mr. King's proffered resignation expressly states that it is submitted subject to any application which may be made by the Grievance Committee for the Tenth Judicial District for an order directing that he make restitution and that he reimburse the Lawyers' Fund for Client Protection of the State of New York pursuant to Judiciary Law § 90 (6-a). Mr. King is aware that any order issued pursuant to Judiciary Law § 90 (6-a) may be entered as a civil judgment against him and he specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

Mr. King acknowledges that he is tendering his resignation freely and voluntarily, that he is not being subjected to coercion or duress, and that he is fully aware of the implications of submitting his resignation.

Counsel for the Grievance Committee has recommended that the Court accept the resignation. Under the circumstances, the resignation of Harold T. King as a member of the Bar is accepted and directed to be filed. Accordingly, Harold T. King is disbarred and his name is stricken from the roll of attorneys and counselors-at-law, effectively immediately.

MANGANO, P. J., THOMPSON, BRACKEN, SULLIVAN and COPERTINO, JJ., concur.

Ordered that the resignation of Harold T. King is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Harold T. King is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Harold T. King shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Harold T. King is commanded to desist and refrain (1) from practicing law in any form, either as principal or as agent, clerk or employee of another, (2) from appearing

as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that pursuant to Judiciary Law § 90 (6-a) (a) and (b), Harold T. King is directed to make restitution in the amount set forth to the following parties whose money or property was willfully misappropriated or misapplied, less the amount of any awards to those persons by the Lawyers' Fund for Client Protection arising out of the misappropriation or misapplication:

Essex Savings Bank, Inc.     $45,659.97

and it is further,

Ordered that pursuant to Judiciary Law § 90 (6-a) (a), the respondent shall reimburse the Lawyers' Fund for Client Protection of the State of New York for any awards made to the persons whose money or property was willfully misappropriated or misapplied by him; and it is further,

Ordered that pursuant to Judiciary Law § 90 (6-a) (d), this order may be entered as a civil judgment and such judgment shall be enforceable as a money judgment in any court of competent jurisdiction by any person to whom payments are due hereunder in the amount set forth herein less any amount reimbursed by the Lawyers' Fund for Client Protection, or by the Lawyers' Fund for Client Protection where it has been subrogated to the rights of such person.